UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VELEDA BURTON,<br><br>    Plaintiff,<br><br>v.<br><br>SEE'S CANDY INC., et al.,<br><br>    Defendants. | Case No. 20-cv-00564-JCS<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**<br><br>Re: Dkt. Nos. 1, 2 |

## I. INTRODUCTION

Plaintiff Veleda Burton, pro se, applies to proceed in forma pauperis. *See* dkt. 2. Good cause having been shown, that application is GRANTED.

The Court now reviews the sufficiency of Burton's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons discussed below, Burton is ORDERED TO SHOW CAUSE why her complaint should not be dismissed for failure to state a claim on which relief may be granted. Burton must respond to this order no later than September 14, 2020, by filing either an amended complaint or a response arguing why her current complaint is sufficient. If Burton does not file an amended complaint or a response by that date, this case will be reassigned to a United States district judge with a recommendation that it be dismissed with prejudice.

The initial case management conference previously set for July 31, 2020 is CONTINUED to October 30, 2020 at 2:00 PM.

Burton, who is not represented by counsel, is encouraged to contact the Federal Pro Bono Project's Pro Se Help Desk for assistance if she continues to pursue this case. Lawyers at the Help Desk can provide basic assistance to parties representing themselves but cannot provide legal representation. Although in-person appointments are not currently available due to the COVID-19 public health emergency, Burton may contact the Help Desk at (415) 782-8982 or FedPro@sfbar.org to schedule a telephonic appointment.

## II. ALLEGATIONS OF THE COMPLAINT

Burton brings claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the California Fair Employment and Housing Act ("FEHA"), asserting discrimination based on race and retaliation for complaining of discrimination. Compl. (dkt. 1) at 2, 44–49. She names as defendants See's Candy Inc. ("See's"); United Food and Commercial Union Local 5 ("Local 5"); the United Food and Commercial Workers International Union (the "UFCWIU," also referenced in Burton's complaint as "UNITED FOOD COMMERCIAL INTERNATIONAL UNION INTERNATIONAL UNION"); David Rosenfeld (an attorney, also identified in the complaint as "David Rosenthal"); the law firm Weinberg, Roger & Rosenfeld ("WRR"); and Berkshire Hathaway, Inc. *Id.* at 1–2.

The complaint appears to be an unfinished draft. It includes a number of notes Burton wrote to herself and placeholders for information to be added later. *E.g.*, *id.* at 5 ("Plaintiff was previously and/or currently?????????? were non -Afro Americans employees, suffered from a pattern and practice of racial discrimination . . . ."); *id.* at 16 ("Wage adjustments issues per Memorandum of Understanding as well as the voting process of approving this Memorandum of Understanding. After filing wll try and see if i can request and is given a copy of signed memorandum Understanding."); *id.* at 26 ("Defendants badgered ……" (ellipsis in original, with nothing further in that paragraph)); *id.* at 27 ("Defendant Attorney Rosenfeld contact Plaintiff pe EEOC with no filing of Mediation/Arbitration. with EEOC(encl letter/exhibit)" (no such letter attached))[1]; *id.* at 43 (""Letter states that file withing 90 days from receipt and for the issues of September 24, 2019 and received October 25, 2019 get the letter and add info see information below under the third claim for relief."); *id.* at 44 ("Plaintiff incorporates by reference the allegations of paragraphs 1 through XXX,[2] above as thought fully set forth herein."). Portions of the complaint are not coherent. *E.g.*, *id.* at 16 ("Plaintiffs is informed and believes that afro-Americans employees who perform substantially similar work, with similar or lesser skills and experience."); *id.* at 25 ("These Acting positions were for an extended period of time whereas one

---

[1] All instances of red text in this order are colored as they appear in Burton's complaint.
[2] The complaint does not include any numbered paragraphs.

was demoted which is held accountable to know and held accountable to know Management duties to get any Sales Management Team positions."). Some parts of the complaint appear to invoke the standard for certification of a class action under Rule 23 of the Federal Rules of Civil Procedure, although Burton does not clearly assert any intent to represent a class of plaintiffs. *See, e.g., id.* at 8 ("There are numerous questions of law and fact common to Plaintiff and these questions predominate over individual questions.").[3]

        Although aspects of the complaint are difficult to follow, its basic premise is that Burton, an African American woman, experienced discrimination based on race and retaliation for complaining of discrimination in her work as a candy sales clerk for Defendant See's in El Cerrito, California. *See id.* at 4–5, 29. According to Burton, See's disproportionately fails to promote African American employees to management positions and has refused to promote Burton, although she notes that, in what she characterizes as an exception to that general practice, two African American employees at the store where Burton works received promotions. *Id.* at 11, 14–15, 24–25. Burton alleges that she and other African American employees are disciplined more harshly for minor violations than employees of other races, and are given less predictable work schedules with fewer hours and less support from coworkers. *Id.* at 16–18, 23–24, 32. Burton asserts that See's has given her inaccurate low performance reviews as a pretext to block her advancement at the company and has denied her training opportunities and information about job vacancies. *Id.* at 23, 35–36. Burton also alleges that See's misstated her job title, citizenship status, and employment start date, and treated Burton as having taken time off work pursuant to the Family and Medical Leave Act when she did not request such leave. *Id.* at 3–5, 7. Burton alleges that Local 5 and the UFCWIU have failed to pursue grievances on her behalf, and that Rosenfeld and WRR, who are attorneys for workers in the unions, have not represented Burton's interests. *See id.* at 25–27.

        Burton asserts that she timely filed an administrative claim and, on October 25, 2019,

---

[3] Because, as a general rule, only a lawyer admitted to practice before the Court may represent the interests of other parties, Burton would not be able to represent a class of plaintiffs without an attorney.

3

received a right-to-sue letter from the Equal Opportunity Employment Commission ("EEOC") dated September 24, 2019. *Id.* at 46. The EEOC letter, which is included as an attachment to Burton's complaint, states that the EEOC was "unable to conclude that the information obtained establishes violations of the statutes" and that Burton could bring a Title VII claim in Court within ninety days of receiving the letter. *Id.* at 54 (page number assigned by the Court's ECF filing system). The letter includes two notices of rights to sue—one pertaining to charges against See's, and one pertaining to charges against Local 5. *See id.* at 54–55.

## III.   ANALYSIS

### A.   Legal Standard for Review Under 28 U.S.C. § 1915(e)(2)(B)

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that lacks such statement fails to state a claim and must be dismissed.

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions" and to "mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570). Thus, to meet this requirement, the complaint must be supported by factual allegations. *Id.*

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a

4

pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)).

### B. Legal Standard for Claims Under Title VII

#### 1. Discrimination

Title VII prohibits employers and labor unions from discriminating against employees and members based on race, among other protected categories. In the context of summary judgment, which this case has not yet reached, courts "analyze plaintiffs' Title VII claims through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 . . . (1973)," under which a plaintiff must first present a prima facie case of discrimination, the burden then shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the challenged action," and if the defendant does so, the plaintiff "must then raise a triable issue of material fact as to whether the defendant's proffered reasons . . . are mere pretext for unlawful discrimination." *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010) (citations and internal quotation marks omitted); *see also Beck v. United Food & Commercial Workers Union, Local 99*, 506 F.3d 874, 882 (9th Cir. 2007) ("The standard burden-shifting framework established by the Supreme Court in *McDonnell Douglas* . . . applies to a Title VII action against a union."). "To establish a prima facie case, plaintiffs must offer evidence that gives rise to an inference of unlawful discrimination," which they may do with "circumstantial evidence by showing: (1) that they are members of a protected class; (2) that they were qualified for their positions and performing their jobs satisfactorily; (3) that they experienced adverse employment actions; and (4) that similarly situated individuals outside their protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Id.* at 1156 (citations, internal quotation marks, and brackets omitted).

The *McDonnell Douglas* framework does not apply at the pleading stage. *Austin v. Univ. of Oregon*, 925 F.3d 1133, 1137 (9th Cir. 2019) (considering a claim for sex discrimination in education under Title IX, which applies the same standard). The Supreme Court so held in *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002), and the Ninth Circuit has reaffirmed that

5

rule after the Supreme Court's decisions in *Iqbal* and *Twombly* setting forth the "plausibility" pleading standard, most recently last year in *Austin*. *See* 925 F.3d at 1136–37. Notably, the rejection of *McDonnell Douglas* at the pleading stage is not limited to its burden-shifting framework, which is plainly inapplicable, but *Swierkiewicz* and *Austin* also hold that a plaintiff's allegations need not track *McDonnell Douglas*'s elements of a prima facie case. *See id.* (quoting *Swierkiewicz*, 534 U.S. at 511). That said, a plaintiff's complaint still must include "sufficient, nonconclusory allegations plausibly linking the [adverse] action to discrimination" or retaliation. *Id.* at 1138.

### 2. Retaliation

Title VII prohibits an employer from "discriminat[ing] against any of [its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice by [Title VII], or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). In general, employers' "unlawful employment practices" under Title VII encompass discrimination and harassment based on "race, color, religion, sex, or national origin." *See id.* § 2000e-2(a).

"To succeed on a retaliation claim, [a plaintiff] must first establish a prima facie case [by] demonstrat[ing] (1) that she was engaging in a protected activity, (2) that she suffered an adverse employment decision, and (3) that there was a causal link between her activity and the employment decision." *Trent v. Valley Elec. Ass'n, Inc.*, 41 F.3d 524, 526 (9th Cir. 1994). The Ninth Circuit has long held that "a plaintiff does not need to prove that the employment practice at issue was in fact unlawful under Title VII," but instead "must only show that she had a 'reasonable belief' that the employment practice she protested was prohibited under Title VII." *Id.* Making an internal "complaint that a supervisor has violated Title VII may constitute protected activity for which the employer cannot lawfully retaliate." *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 963 (9th Cir. 2009); *see also Trent*, 41 F.3d at 526 ("We have held that when an employee protests the actions of a supervisor such opposition is a 'protected activity.'"). A plaintiff must ultimately prove but-for causation, or in other words, "that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."

*Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013).

### C. Burton's Complaint Does Not Present a Short and Plain Statement of Her Claim

Rule 8(a) of the Federal Rules of Civil Procedure provide that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim." Fed. R. Civ. P. 8(a). Courts have routinely dismissed complaints that are convoluted and difficult to follow for failure to comply with that rule. *E.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996) ("Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges."); *Roundtree v. Phoenix Suns LP*, No. CV-14-00929-PHX-DGC, 2014 WL 1951177 (D. Ariz. May 15, 2014) ("The rambling and lengthy factual allegations do not comply with Rule 8's requirement of a short and plain statement of the claim."); *see also Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (noting that a plaintiff's complaint had been previously dismissed multiple times for failure to comply with Rule 8(a)).

As noted above, Burton's fifty-two page complaint is difficult to follow, and appears in at least some places to be an unfinished draft. Under the Federal Rules of Civil Procedure, the role of a complaint is not only to place the defendants on notice of the allegations and claims at issue, but also to frame the defendants' answers and set the course of the case. Each defendant must respond with an answer specifically admitting or denying each factual allegation of the complaint. *See* Fed. R. Civ. P. 12(b). It would be difficult for a defendant to provide such a response to Burton's current complaint. Burton is therefore ORDERED TO SHOW CAUSE why her complaint should not be dismissed for failure to state a claim in compliance with the "short and plain statement" requirement of Rule 8(a), by filing a response to this order or an amended complaint.

This is not to say that the Court demands legal precision in a complaint, much less from unrepresented plaintiffs. To the contrary, Burton is encouraged to file an amended complaint presenting the particular *facts* underlying her claims in plain language and in chronological order, to place Defendants on notice of the factual basis for Burton's claims and allow them to admit or deny those allegations as required by Rule 12.

Because the convoluted nature of the current complaint likely requires amendment, this

7

order does not reach all possible defects of Burton's current pleading—including whether the complaint includes sufficient factual allegations, as opposed to legal conclusions, to support an inference of discrimination. The Court nevertheless addresses two other issues below, so that Burton may "'use[] the opportunity to amend effectively.'" *See Akhtar*, 698 F.3d at 1212 (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### D. Only Burton's Employer and Union May Be Named as Defendants

Title VII governs the conduct of "employer[s]," "employment agenc[ies]," and "labor organization[s]." 42 U.S.C. § 2000e-2(a)–(c). The statute does not permit a claim against individuals, even if they acted as agents of an employer or labor union, and the Court is not aware of any authority permitting a Title VII claim against a defendant labor union's law firm. *See Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007) ("We have long held that Title VII does not provide a separate cause of action against supervisors or co-workers."). The same is true of claims under FEHA. *See Reno v. Baird*, 18 Cal. 4th 640, 643 (1998) ("We conclude that the FEHA, like similar federal statutes, allows persons to sue and hold liable their employers, but not individuals.").

Burton therefore cannot proceed on discrimination or retaliation claims against Defendants Rosenfeld and WRR. It is also not clear whether Burton intends to allege that she was an employee of Defendant Berkshire Hathaway, which her complaint appears to treat as an alter ego of Defendant See's. Any amended complaint should assert these claims only against Burton's employer and/or union.[4]

### E. Burton Has Not Alleged Administrative Exhaustion of Her FEHA Claim

Burton alleges administrative exhaustion in that she filed a charge with the EEOC and a received a right-to-sue letter from that federal agency. Such letters generally permit a plaintiff to bring a claim under Title VII, but do not satisfy the separate requirement under California law that in order to bring a claim under FEHA, a plaintiff must generally receive a right-to-sue letter from

---

[4] State law claims based on inadequate representation by a union, including claims under FEHA, may in some instances be preempted by federal law. *See Hardine v. Office & Prof'l Employees Int'l Union*, 475 F. App'x 103, 105 (9th Cir. 2012). This order does not reach that issue.

8

the California Department of Fair Employment and Housing ("DFEH").  A right-to-sue letter from the EEOC is not a substitute for a right-to-sue letter from the DFEH for the purpose of state law claims under FEHA.  *Martin v. Lockheed Missiles & Space Co.*, 29 Cal. App. 4th 1718, 1726 (1994).

Based on cross-filing agreements between the EEOC and the DFEH, an administrative charge filed with the EEOC might in at least some circumstances also place the DFEH on notice of a plaintiff's claims.  *See Reed v. UBS Sec., LLC*, No. C 09-5237 MHP, 2010 WL 3119200, at *2–4 (N.D. Cal. Aug. 3, 2010).  Even so, California law allows the DFEH a period of one year before it is required to act on such a claim, *id.* at *4, and Burton has not alleged either that she received a right-to-sue letter from the DFEH or that a year passed without the DFEH taking action on her claim.  If Burton wishes to pursue her claim under FEHA, her amended complaint should address the circumstances of her administrative complaint in more detail, including whether she received a right-to-sue letter from the DFEH.

## IV. CONCLUSION

For the reasons discussed above, Burton is ORDERED TO SHOW CAUSE why her complaint should not be dismissed, by filing either an amended complaint addressing the deficiencies addressed above or a response to this order arguing that her current complaint is sufficient, no later than September 14, 2020.  **If Burton does not respond to this order by that date, the case will be reassigned to a United States district judge with a recommendation that it be dismissed with prejudice.**

Any amended complaint must include the caption and civil case number used in this order (20-cv-00564) and the words FIRST AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations of Burton's original complaint by reference, but instead must include all of the facts and claims Burton wishes to present and all of the defendants she wishes to sue.  *See Ferdik*, 963 F.2d at 1262.  If Burton files an amended complaint, she may also wish to

///

///

9

attach copies of the administrative claim or claims that she filed with the EEOC and/or the DFEH.

**IT IS SO ORDERED.**

Dated: July 28, 2020

_____
JOSEPH C. SPERO
Chief Magistrate Judge